UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-1310-B |
| SPEAR SERVICES LLC, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Great American Insurance Company of New York ("Great American")'s Motion for Default Judgment (Doc. 19). For the following reasons, the Court **GRANTS** Great American's Motion and **DECLARES** any claim arising from Claim Number A00136709 is time barred.

## I.

## BACKGROUND

This is an insurance case. Great American issued an insurance policy (the "Policy") to Defendant Spear Services, LLC, effective March 29, 2017, to March 29, 2018. Doc. 12, Am. Compl., ¶ 8; Doc. 12-1, Patterson Aff., Ex. A. Under the Policy, Great American agreed to insure Spear Services' rented boring and drilling equipment. Doc. 12, Am. Compl., ¶¶ 7–9. The Policy also stated that Spear Services could not bring a legal action against Great American "unless [t]he action [wa]s brought within two years and one day from the date the cause of action first accrues." Doc. 12-1, Patterson Aff., Ex. A, 24, 39.

Spear Services rented the equipment on March 29, 2017. On December 26, 2017, Spear Services reported to the Johnson County Sheriff's Department in Johnson County, Texas that the insured property had been stolen. Doc. 12, Am. Compl., ¶ 10. Spear Services then filed a claim under the Policy for the stolen property. *See id*. ¶ 11.  On December 27, 2017, Great American acknowledged receipt of Spear Services' claim and assigned it claim number A00136709. *Id.* However, when Great American attempted to investigate the claim, Spear Services was uncooperative. *Id.* ¶¶ 12–13.

On May 24, 2018, counsel for Spear Services wrote to Great American, alleging Great American's actions and failure to pay constituted a breach of contract. *Id.* ¶ 14. But when Great American reinitiated its investigation, Spear Services was again uncooperative. *Id*. ¶¶ 14–16. Ultimately, on October 31, 2018, due to Spear Services' lack of cooperation and communication, Great American closed the claim file. *Id.* ¶ 16.

Great American filed its Original Complaint with the Court on June 16, 2022. Doc. 1, Compl. Spear Services was served on June 17, 2022, and failed to answer the Complaint. Doc. 5, Aff. Service. The Court then entered an Order to Show Cause because "it appear[ed] that the Court lack[ed] jurisdiction over this case." Doc. 9, Order Show Cause, 2. In response, Great American filed an Amended Complaint which clarified its jurisdictional allegations. *See* Doc. 12, Am. Compl., ¶¶ 1–2. Spear Services was again served on November 3, 2022, and failed to answer the Amended Complaint. Doc. 16, Aff. Service. Great American moved the Court for an entry of default on December 15, 2022. Doc 17, Req. Entry Default. The Clerk entered the default on December 15, 2022. Doc. 18, Entry Default. Great American then filed its Motion for Default Judgment on January 23, 2023. Doc. 19, Mot. Default J. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2).

However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Courts have developed a three-part analysis to guide this discretion. *See, e.g.*, *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous.*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court assumes that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiffs should receive. *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

The Court first considers whether it has jurisdiction to issue Great American declaratory relief. Then, applying the three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Great American's Complaint.

A.    *The Court Possesses Jurisdiction over This Matter*

The Court first considers whether it has jurisdiction over Great American's claims. Great American seeks a default judgment against Spear Services declaring the parties' legal obligations under the Policy. Doc. 12, Am. Compl., ¶ 22. The Federal Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such

declaration." 28 U.S.C. § 2201(a). However, a court may not issue a declaratory judgment unless there is "a case of actual controversy within [the court's] jurisdiction." *Id.* Accordingly, the Court must determine if it has subject-matter jurisdiction and whether an actual controversy exists.

The Federal Declaratory Judgment Act is "merely a procedural device for hearing declaratory judgments in federal court." *Certain Underwriters at Lloyd's London v. C.A. Turner Const. Co.*, 941 F. Supp. 623, 625 (S.D. Tex. 1996) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950)). It "creates no independent basis for federal jurisdiction." *Id.* Thus, Great American must satisfy the requirements of jurisdiction by either (1) stating an independent federal claim or (2) properly pleading diversity jurisdiction.

Great American alleges diversity jurisdiction exists in this case. Diversity jurisdiction requires complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal alterations omitted). Here, Great American has alleged that it is a citizen of New York and Ohio, and Spear Services is a citizen of Oklahoma and Colorado. Doc. 12, Am. Compl., ¶¶ 1– 2. Great American has also alleged that the amount in controversy exceeds $75,000. *Id.* ¶ 3. Thus, the Court finds it has diversity jurisdiction over this matter.

The Court next considers whether an actual controversy exists. An actual controversy exists "where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) (internal quotation omitted). "[A] 'specific and concrete' threat of litigation can establish a justiciable controversy." *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 824 (W.D. Tex. 2020)

(quoting *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 924 (5th Cir. 2017)). Here, Great American has alleged it and Spear Services disagreed over the applicable coverage of the Policy, and Spear Services accused Great American of "breach of contract along with violations of the Texas Insurance Code and Deceptive Trade Practices Act." Doc. 12, Am. Compl., ¶¶ 14–15. These statements demonstrate a substantial controversy exists between the parties and thus, the Court concludes an actual controversy exists. *See RLI Ins. Co.*, 581 F. Supp. at 824.

B.    *An Entry of Default Judgment Is Procedurally Warranted*

The Court next turns to whether a default judgment is procedurally warranted. After reviewing Great American's Motion in light of the *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Spear Services has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *See Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, Spear Service's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Great American's] interests." *See Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, there is no evidence before the Court to indicate that Spear Service's silence is the result of a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Fourth, there is no indication of excusable neglect, as Spear Service has failed to answer or otherwise respond to Great American's complaint, amended complaint, or Motion since being served with the complaint over eight months ago and the amended complaint over five months ago. *See id.* Fifth, Great American only seeks a declaration of the parties' legal rights, mitigating the harshness of a default judgment. *See id.* Finally, the Court is not aware of any facts that would give rise to good cause to set aside the default if challenged by

Spear Services. *See Lindsey*, 161 F.3d at 893. Thus, Great American has met the procedural requirements for default judgment.

C.     *There Is a Sufficient Basis for Judgment in the Pleadings*

In light of the entry of default, Spear Services is deemed to have admitted the well-pleaded allegations in Great American's Amended Complaint. *See Nishimatsu*, 515 F.2d at 1206. However, Spear Services "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.* Thus, the Court must review the pleadings to determine whether they provide a sufficient basis for Great American's claim for relief. *Id.* In conducting this analysis, the Court draws "meaning from the case law on Rule 8," requiring "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Great American seeks a declaratory judgment from the Court stating that "that more than two years and one day have elapsed since Spear Services alleged causes of action accrued, and, therefore, any and all claims of Spear Services for insurance proceeds arising from the incident at issue are now time-barred, as well as all claims by, through, or under Spear Services." Doc. 19, Mot. Default J., 12.

After reviewing the Amended Complaint, the Court finds that Great American has sufficiently pleaded its declaratory judgment claim. In diversity cases, the Court applies the forum state's statute of limitations. *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011). "In Texas, the statute of limitations for the breach of an insurance contract action is four years from

the day the cause of action accrues." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.051). "However, the parties may contractually agree to shorten the limitations period for a breach of contract claim so long as the agreement does not limit the time in which to bring suit to a period shorter than two years." *Abedinia v. Lighthouse Prop. Ins. Co.,* 2021 WL 4898456, at *2 (Tex. App.—Tyler Oct. 20, 2021, pet. denied) (citing Tex. Civ. Prac. & Rem. Code § 16.070(a)). Any "extra-contractual claims" such as misrepresentation or breach of the duty of good faith and fair dealing must be brought within two years of the accrual date. *Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003); *see* Tex. Ins. Code § 541.162; Tex. Civ. Prac. & Rem. Code § 16.003(a).

"Generally, in first-party insurance cases . . . , limitations begin to run on the date coverage is denied." *Smith v. Travelers Cas. Ins. Co. of Am.,* 932 F.3d 302, 311 (5th Cir. 2019) (internal quotations omitted). However, in the event a notice of denial is not sent, courts have also used the date the insurer closed the claim as the accrual date. *De Jongh v. State Farm Lloyds,* 664 F. App'x 405, 409 (5th Cir. 2016) (applying Texas law).

Here, Great American has shown that any claims Spear Services may have possessed under the Policy are time barred. The Policy states Spear Services must bring any breach of contract action "within two years and one day from the date the cause of action first accrues." Doc. 12-1, Patterson Aff., Ex. A, 24, 39.  Any claim Spear Services had relating to Claim Number A00136709 accrued when Great American closed Spear Services' claim file on October 31, 2018. Doc. 12, Am. Compl., ¶ 16. Thus, any claim for breach of contract, claim under the Texas Insurance Code, or any other extra-contractual claims regarding Great American's actions as to Claim Number A00136709 under the Policy must have been brought by November 1, 2020. Any claim brought after this date is time barred.

D.     *Great American Is Entitled to Relief*

"The burden is on [Great American] to establish its entitlement to recovery." *See RLI Ins. Co.*, 581 F. Supp. 3d at 826. Great American asks the Court for declaratory judgment declaring that "more than two years and one day have elapsed since Spear Services alleged causes of action accrued, and, therefore, any and all claims of Spear Services for insurance proceeds arising from the incident at issue are now time-barred, as well as all claims by, through, or under Spear Services." Doc. 19, Mot. Default J., 12.  The Court concludes that such a declaration is appropriate.

## IV.

## CONCLUSION

Because Great American has met its burden of establishing its right to a declaratory judgment, *see RLI Ins. Co.*, 581 F. Supp. 3d at 826, the Court **GRANTS** Great American's Motion for Default Judgment (Doc. 19). Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that more than two years and one day have elapsed since any cause of action Spear Services may have had regarding Claim Number A00136709 under the Policy accrued. Thus, any and all claims for insurance proceeds filed after November 1, 2020, by, through, or under Spear Services, arising from Claim Number A00136709 are time barred.

SO ORDERED.

SIGNED: May 4, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE